Christopher Raleigh, Esq.
William Lesser, Esq.
COZEN O'CONNOR, P.C.
A Pennsylvania Professional Corporation
45 Broadway, Suite 1600
New York, NY 10006
Tel. No. (212) 509-9400
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARIANA WORLD WIDE SHIPPING LLC., | ) |
| | ) |
| | ) Civil Action No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| -against- | ) |
| | ) |
| ARIANA WORLDWIDE USA, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

Plaintiff Ariana World Wide Shipping LLC (hereinafter, "PLAINTIFF") hereby brings this Complaint against Defendant Ariana Worldwide USA, Inc. (hereinafter, "ARIANA NJ") to recover possession of certain vehicles entrusted to ARIANA NJ's care and custody, and for related damages caused by ARIANA NJ's willful breach of its obligations to PLAINTIFF.  In support of its Complaint, PLAINTIFF alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1.       This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a)(2), as this action is between a citizen of the State of New Jersey and a citizen of a foreign state.  The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), as Defendant ARIANA NJ is a resident of this district.

## THE PARTIES

3.      PLAINTIFF is a limited liability company organized, existing pursuant to the laws of the United Arab Emirates, having its principle place of business at 1205 Centurion Star Tower, Block A, Port Saeed, Deira, Dubai-172497.  PLAINTIFF's ownership consist of two Members, both of whom are individuals who are residents of Dubai, UAE.  PLAINTIFF is in the business of providing logistics services to its customers in Dubai in connection with the transportation of used motor vehicles purchased in the United States for export to Dubai.

4.      Defendant ARIANA NJ is, on information and belief, a corporation organized and existing under the laws of the State of New Jersey, having its principle place of business at 290 Nye Avenue, Irvington, New Jersey.  ARIANA NJ has been engaged by PLAINTIFF as an agent to provide pick up and towing services, temporary storage, container loading services, and booking of ocean transportation in connection with certain vehicles purchased by PLAINTIFF's customers.

## BACKGROUND

5.      There is a substantial market for used late-model motor vehicles in the Middle East and Asia.  A number of companies located in Dubai (hereinafter, "Purchasers") serve this market by purchasing used vehicles sold at auctions held throughout the United States, exporting the vehicles from the United States to Dubai, UAE and then re-exporting many of the vehicles to various markets in the Middle East and Asia.

6.      PLAINTIFF is in the business of providing and arranging logistics services for the collection, storage and shipment of vehicles from the United States on behalf of a number of Purchasers located in Dubai, UAE (hereinafter, the "Customers").  Because PLAINTIFF does not

have its own employees or operations in the United States, it engages a number of agents in the United States to pick up, temporarily store, load in ocean containers, and book ocean transportation to Dubai for the vehicles purchased by PLAINTIFF's Customers.

7.      ARIANA NJ is one of several of the U.S.-based companies engaged by PLAINTIFF to act as its agent to provide services on behalf of PLAINTIFF and its Customers. PLAINTIFF has been doing business with ARIANA NJ for more than seven years and during that time has engaged ARIANA NJ to provide services for thousands of vehicles purchased by PLAINTIFF's customers.

8.      In a typical transaction, a Customer purchases a vehicle at an auction in the United States and engages PLAINTIFF to arrange for the pick-up and export of the vehicle from the United States to Dubai, UAE.  PLAINTIFF then provides ARIANA NJ with information about the vehicle and instructs ARIANA NJ to pick up the vehicle, title, and keys at the auction site and tow the vehicle to ARIANA NJ's facility for temporary storage. Later, PLAINTIFF instructs ARIANA NJ to consolidate and load several of the vehicles into an ocean shipping container and book the container for transportation with an ocean carrier selected by PLAINTIFF.

9.      Generally, several vehicles, often owned by the same Customer, are loaded together into a single shipping container.  In addition, PLAINTIFF generally instructs ARIANA NJ to book multiple containers at the same time and requests that ARIANA NJ arrange for multiple containers to be shipped under a single bill of lading.  Shipping multiple containers under a single bill of lading enables PLAINTIFF to obtain release of the containers in DUBAI, UAE more efficiently and at lesser cost, and further facilitates prompt delivery of the vehicles to the Customers in Dubai, UAE.

10.     In addition to booking the container with the ocean carrier selected by PLAINTIFF, ARIANA NJ's duties include ensuring that the bills of lading and other shipping documents are timely and correctly prepared and transmitted to PLAINTIFF to facilitate prompt pick-up and delivery to the Customers when the container arrives in Dubai, UAE.  Specifically, ARIANA NJ is supposed to make sure that PLAINTIFF is listed on the bill of lading as the consignee and notify party so that PLAINTIFF can promptly gain release of the containers, collect applicable charges from the Customers and deliver the vehicles to PLAINTIFF's Customers.   Failure to list PLAINTIFF as the consignee can lead to confusion, delay, and the accrual of demurrage (storage) charges at the port in Dubai, UAE and can also hinder PLAINTIFF's ability to promptly collect applicable charges from the Customers.

11.     PLAINTIFF owns and maintains an email and internet-based system to communicate with ARIANA NJ and its other agents in the United States, as well as to coordinate and track the pick-up, storage, loading and booking of ocean transportation for the vehicles handled by ARIANA NJ and PLAINTIFF's other agents in the United States.  PLAINTIFF allows ARIANA NJ to access the online system to enter details and notations of the current status of the inventory of Customer vehicles in ARIANA's NJ's possession.

12.     For each vehicle that PLAINTIFF assigns to ARIANA NJ for pick-up and subsequent services, PLAINTIFF pays ARIANA NJ for towing and services at agreed-upon rates after it collects its charges from the Customers.  In addition, ARIANA NJ is entitled to be paid any profit resulting if the actual freight charges paid to the ocean carrier for the shipment of the vehicle are less than the ocean freight charges that the Customer has agreed to pay to PLAINTIFF.  However, ARIANA NJ is responsible for any damage to the vehicles that occurs while the vehicles

are in its custody as well as any demurrage or storage charges resulting from ARIANA NJ's failure to perform its obligations in a timely manner.

## ARIANA NJ's BREACHES OF ITS OBLIGATIONS TO PLAINTIFF

13.     Starting sometime in 2017 and continuing to the present, ARIANA NJ began to continually and increasingly breach its obligations to PLAINTIFF in a number of respects, including:

  a. Refusing and/or failing to use the ocean carrier selected by PLAINTIFF for the transportation of Customer vehicles from the United States to Dubai;

  b. Refusing and/or failing to book multiple containers under a single bill of lading;

  c. Storing Customer vehicles in different yards not owned by ARIANA NJ, resulting in Customer vehicles not being shipped to Dubai, UAE on time, (causing PLAINTIFF and its Customer to incur substantial extra expenses and losses due to delayed or non-delivery of the vehicles);

  d. Refusing and/or failing to ensure that PLAINTIFF was listed as consignee on bills of lading governing the transportation of Customer vehicles;

  e. Instructing ocean carriers to change the consignee from PLAINTIFF to third parties on bills of lading governing the transportation of Customer vehicles;

  f. Refusing and/or failing to promptly transmit the applicable bills of lading and other documents that would permit the release of containers to PLAINTIFF

upon their arrival at Dubai, UAE, thereby causing PLAINTIFF and its Customers to incur substantial demurrage charges;

g.    Repeatedly refusing and/or failing to promptly book and ship Customer vehicles when instructed to do so by PLAINTIFF;

h.    Refusing to accept responsibility for damage to Customer vehicles occurring while in the possession of ARIANA NJ; and

i.    Numerous other instances of poor service and/or lack of timely communication with PLAINTIFF.

14.    In addition, upon information and belief, in or about late 2019 and early 2020, ARIANA NJ began intentionally interfering with and undermining PLAINTIFF's business relationships with its Customers by, *inter alia*:

a.    Intentionally delaying the booking and shipment of Customer vehicles in order to damage PLAINTIFF's business reputation and Customer goodwill in Dubai;

b.    Denigrating PLAINTIFF's services and business reputation to PLAINTIFF's Customers;

c.    Refusing and/or failing to release containers improperly consigned by ARIANA NJ directly to PLAINTIFF's Customers unless the Customers agreed to deal directly with ARIANA NJ (and not PLAINTIFF) for future shipments; and

d.    Otherwise improperly soliciting PLAINTIFF's Customers to cease doing business with PLAINTIFF.

15.    PLAINTIFF has made numerous attempts over several years to persuade ARIANA NJ to promptly and fully comply with its instructions and to correct and improve its service with

6

respect to vehicles purchased by PLAINTIFF's Customers.  By early 2020, it had become clear that ARIANA NJ would not fulfill its obligations to PLAINTIFF, and was in fact, working against the interests of PLAINTIFF and its Customers.  ARIANA NJ refused to promptly communicate with PLAINTIFF as to the status of a large inventory of Customer vehicles, delayed the booking and shipping of numerous Customer vehicles without explanation or excuse, continued to consign shipments directly to PLAINTIFF's customers instead of PLAINTIFF, continued to refuse to use the ocean carrier selected by PLAINTIFF, and on information and belief, attempted to condition the release of Customer vehicles held by ARIANA NJ on commitments from Customers not to do business with PLAINTIFF in the future.

16.     As a result, PLAINTIFF began to explore arrangements with alternative vendors in the United States for future services in connection with vehicles purchased by PLAINTIFF's Customers.  In addition, by letter dated March 31, 2020 from PLAINTIFF's counsel, PLAINTIFF demanded ARIANA NJ account for the status and location of the more than 400 Customer vehicles in its possession and confirm that it would release those Customer vehicles not already shipped to PLAINTIFF's designated authorized representative.  PLAINTIFF informed ARIANA NJ that PLAINTIFF had a right to possession of the Customer vehicles pursuant to Powers of Attorney signed by the Purchasers of the Customer vehicles and also requested a detailed statement of any amounts ARIANA NJ claimed to be due and owing for services rendered to date.  Shortly after PLAINTIFF sent its March 31, 2020 letter, ARIANA NJ stopped acknowledging instructions from ARIANA LLC and stopped communicating with PLAINTIFF about operational details.

17.     When it received no response from ARIANA NJ, PLAINTIFF followed up with an additional letter from its counsel dated May 5, 2020, requesting that ARIANA NJ either immediately confirm that it would arrange for the shipment of all of the Customer vehicles in its

possession within seven days and/or allow representatives of PLAINTIFF to pick up all Customer vehicles remaining in ARIANA NJ's possession.

18.     By letter from its counsel dated May 18, 2020, ARIANA NJ finally replied to PLAINTIFF's demand letters.   On the one hand, ARIANA NJ purported to deny (1) any knowledge of PLAINTIFF, (2) that PLAINTIFF had engaged ARIANA NJ to provide services for Customer vehicles, or (3) that ARIANA NJ had ever received payments from PLAINTIFF.   On the other hand, ARIANA NJ complained that it had been excluded from further access to PLAINTIFF's website and internet platform and that PLAINTIFF was no longer planning to use ARIANA NJ for future services.   ARIANA NJ did not provide any information about the status and location of Customer vehicles in its possession, did not confirm that it would either ship or release the Customer vehicles to PLAINTIFF's representative, and made no claim that any of its invoices were due and owing.   Instead, ARIANA NJ made a variety of unsupported allegations.

19.     On May 21, 2020, ARIANA LLC responded to ARIANA NJ's allegations and again demanded that ARIANA NJ immediately ship or release to ARIANA LLC the Customer vehicles remaining in its possession.

20.     By letter dated June 4, 2020, ARIANA NJ stated that it would not ship the Customer vehicles remaining in its possession unless PLAINTIFF deposited into an escrow account funds equaling the alleged value of the Customer vehicles still held by ARIANA NJ – purportedly to serve as collateral for an alleged unspecified and unliquidated claim unrelated to the services provided by ARIANA NJ for the Customer vehicles in its possession.

21.     Thereafter, over the course of several months, PLAINTIFF attempted to engage ARIANA NJ in discussions to obtain release of the Customer vehicles improperly held by ARIANA NJ.   ARIANA NJ has refused to release the Customer vehicles it is holding hostage.

Instead, ARIANA NJ has shipped some of the vehicles directly to the Customers, but only if the Customers agreed to deal directly with ARIANA NJ and not PLAINTIFF. Upon information and belief, ARIANA NJ continues to withhold the release of the 123 Customer vehicles in its possession to PLAINTIFF despite repeated instructions from PLAINTIFF to ship the vehicles to Dubai and despite the demands of the Customers that the vehicles be immediately shipped and delivered.  In addition, ARIANA NJ has demanded exorbitant storage charges for the Customer vehicles it has repeatedly refused to release – in some cases exceeding the value of the vehicles.

22.     Most of the used vehicles purchased by the Customers have already been sold to purchasers in other markets who require prompt delivery of the vehicles.  The months-long delays and continued refusal of ARIANA NJ to ship the vehicles has exposed both PLAINTIFF and its Customers to claims due to the failure to deliver the vehicles as required.  As a result, PLAINTIFF's Customers have asserted claims against PLAINTIFF for losses suffered due to ARIANA NJ's refusal to release the vehicles and PLAINTIFF has been required to enter into settlements with its Customers at great expense.

23.     As a result of the settlements with its Customers that PLAINTIFF was forced to enter into as a result of ARIANA NJ's actions, PLAINTIFF has now purchased 119 of the 123 vehicles still held by ARIANA NJ. The vehicles held by ARIANA NJ have lost value and will continue to lose value the longer ARIANA NJ delays in releasing them to PLAINTIFF, and PLAINTIFF and its Customers will continue to incur substantial carrying charges for the vehicles they purchased many months previously.

## FIRST CAUSE OF ACTION
### (Conversion)

24.     PLAINTIFF repeats, incorporates and realleges the allegations set forth in Paragraphs 1-23 herein as if fully set forth hereat.

25.     PLAINTIFF was duly authorized by the Customers to arrange for the pick-up and transportation of the Customers' vehicles and is in possession of Powers of Attorney duly executed by the Customers granting PLAINTIFF full power and authority to arrange for the pick-up, towing, loading and shipping of the vehicles in ARIANA NJ's possession. In addition, PLANITFF has purchased 119 of the vehicles in ARIANA NJ's possession in connection with settlements with the Customers and is now the sole owner of those vehicles.  Accordingly, PLAINTIFF has the right to immediate and sole possession of all of the Customer vehicles currently held by ARIANA NJ.

26.     ARIANA NJ has wrongfully and without justification failed and refused to release the Customer vehicles entrusted to it by PLAINTIFF despite repeated demands by PLAINTIFF.

27.     PLAINTIFF has and will continue to suffer substantial damages as a result of the conversion of the Customer vehicles by ARIANA NJ in an amount exceeding $75,000, the actual amount of damages to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

28.     PLAINTIFF repeats, incorporates and realleges the allegations set forth in Paragraphs 1-27 herein as if fully set forth hereat.

29.     PLAINTIFF has appointed ARIANA NJ to act as its agent in the United States with respect to the Customer vehicles assigned to ARIANA NJ by PLAINTIFF, and by and through its

words and deeds over the course of many years, ARIANA NJ has accepted that appointment and acted as PLAINTIFF's agent with respect to the vehicles assigned to it by PLAINTIFF.

30.     By accepting the appointment to act as agent for PLAINTIFF, ARIANA NJ undertook the duties of a fiduciary, including to faithfully follow PLAINTIFF's instructions regarding the Customer vehicles entrusted to it, to render to PLAINTIFF its undivided loyalty and to act all times in good faith and with due care.

31.     As set forth herein, ARIANA NJ has breached its fiduciary duty to PLAINTIFF, *inter alia*, by (1) failing and refusing to faithfully follow the instructions of PLAINTIFF, (2) failing and refusing to communicate with PLAINTIFF, (3) failing and refusing to account for the location and status of the vehicles entrusted to it by PLAINTIFF, (4) failing and refusing to release custody of the vehicles upon lawful demand, and (5) intentionally and tortiously interfering with the business relationships between PLAINTIFF and its Customers.

32.     PLAINTIFF has and will continue to suffer substantial damages as a result of ARIANA NJ's breach of fiduciary duty to PLAINTIFF in an amount exceeding $75,000, the actual amount of damages to be determined at trial, including in excess of $339,840 in demurrage charges, lost income of over $277,100 since January 2018 resulting from ARIANA NJ's failure to book multiple containers under a single joint bill of lading, lost income of $ 9,735 due to ARIANA NJ's changing the consignee on the bill of lading, as well as many Customer complaints and damage to PLAINTIFF's reputation in the market.

### THIRD CAUSE OF ACTION
**(Breach of Contract)**

33.     PLAINTIFF repeats, incorporates and realleges the allegations set forth in Paragraphs 1-32 herein as if fully set forth hereat.

34.     Over many years and on thousands of occasions, PLAINTIFF has engaged ARIANA NJ to provide services with respect to Customer vehicles, including the Customer vehicles ARIANA NJ currently refuses to release. Pursuant to express communications between PLAINTIFF and ARIANA NJ, and as demonstrated by a consistent and longstanding course of conduct between the parties, a contract exists between PLAINTFF and ARIANA NJ whereby ARIANA NJ is obligated to provide certain towing and related services to PLAINTIFF and to follow PLAINTIFF's instructions regarding the pick-up and towing of the Customer vehicles, the prompt loading of vehicles into ocean shipping containers, the use of ocean carriers selected by PLAINTIFF, the proper preparation of shipping documents naming PLAINTIFF as consignee, and the timely booking and shipping of containers.

35.     PLAINTIFF has fully performed its obligations under the contract, including the payment of agreed-upon charges to ARIANA NJ for its services.

36.     ARIANA NJ has breached its obligations under the contract, *inter alia*, by

a.      Refusing and/or failing to book multiple containers under a single bill of lading;

b.      refusing and/or failing to use the ocean carrier selected by PLAINTIFF for the transportation of Customer vehicles from the United States to Dubai;

c.      Refusing and/or failing to ensure that PLAINTIFF was listed as consignee on bills of lading governing the transportation of Customer vehicles;

d.      Instructing ocean carriers to change the consignee from PLAINTIFF to third parties on bills of lading governing the transportation of Customer vehicles;

e.      Refusing and/or failing to promptly transmit the applicable bills of lading and other documents that would permit the release of containers to PLAINTIFF

upon their arrival at Dubai, thereby causing PLAINTIFF and its Customers to incur substantial demurrage charges;

f.      Repeatedly refusing and/or failing to promptly book and ship Customer vehicles when instructed to do so by PLAINTIFF.

37.      PLAINTIFF has and will continue to suffer substantial damages as a result of ARIANA NJ's breach of fiduciary duty to PLAINTIFF in an amount exceeding $75,000, the actual amount of damages to be determined at trial, including in excess of $339,840 in demurrage charges, lost income of over $277,100 since January 2018 resulting from ARIANA NJ's failure to book multiple containers under a single joint bill of lading, lost income of $ 9,735 due to ARIANA NJ's changing the consignee on the bill of lading, as well as many Customer complaints and damage to PLAINTIFF's reputation in the market.

### FOURTH CAUSE OF ACTION
**(Breach of Bailment/Detinue)**

38.      PLAINTIFF repeats, incorporates and realleges the allegations set forth in Paragraphs 1-37 herein as if fully set forth hereat.

39.      A contract of bailment exists between PLAINTIFF as bailor and ARIANA NJ as bailee.

40.      PLAINTIFF has delivered Customer vehicles to ARIANA NJ by means of instructions and authorizations issued to ARIANA NJ to pick-up, tow, store and ship the Customer vehicles currently in the possession of ARIANA NJ.

41.      ARIANA NJ has accepted delivery of the Customer vehicles at issue by, *inter alia*, picking up and taking possession of the Customer vehicles in order to provide services to PLAINTFF for compensation.

42.     ARIANA NJ has breached its obligations as bailee of Customer vehicles in its possession, including Customer vehicles currently held by ARIANA NJ, by wrongfully failing and refusing to ship or otherwise release the vehicles to PLAINTIFF upon demand.

43.     PLAINTIFF has suffered damages and been wrongfully deprived of possession, custody and control of the Customer vehicles in ARIANA NJ's possession as a result of ARIANA NJ's breach of its obligations as bailee of the vehicles.

44.     As the bailor of the Customer vehicles currently held by ARIANA NJ, PLAINTIFF is entitled to the return and immediate possession of the vehicles wrongfully withheld by ARIANA NJ as well as damages resulting from ARIANA NJ's breach of its bailment obligations, in an amount exceeding $75,000, including in excess of $339,840 in demurrage charges, lost income of over $277,100 since January 2018 resulting from ARIANA NJ's failure to book multiple containers under a single joint bill of lading, lost income of $ 9,735 due to ARIANA NJ's changing the consignee on the bill of lading, as well as many Customer complaints and damage to PLAINTIFF's reputation in the market, the actual amount of damages to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Tortious Interference with Contract and Prospective Business Advantage)

45.     PLAINTIFF repeats, incorporates and realleges the allegations set forth in Paragraphs 1-44 herein as if fully set forth hereat.

46.     PLAINTIFF has established and ongoing contractual relationships with its Customers, including Customers owning vehicles assigned to ARIANA NJ for pick-up and transport in the past as well as Customer vehicles currently in the possession of ARIANA NJ.

47.     PLAINTIFF also has a legally protectable interest in a reasonable expectation of prospective business and economic advantage with its existing Customers based on continuing and longstanding business relationships with its Customers.

48.     ARIANA NJ has knowledge of PLAINITFF's contracts and reasonable expectations of prospective advantage but has nonetheless intentionally, wrongfully and without justification interfered with PLAINTIFF's contracts and business relationships with Customers by, inter *alia*,

>    a.     Denigrating PLAINTIFF's services and business reputation to PLAINTIFF's Customers;

>    b.     Intentionally delaying the booking and shipment of Customer vehicles after being instructed to do so by PLAINTIFF in order to damage PLAINTIFF's business reputation and Customer goodwill in Dubai;

>    c.     Refusing and/or failing to release containers improperly consigned by ARIANA NJ to PLAINTIFF's Customers unless the Customers agreed to deal directly with ARIANA NJ (and not PLAINTIFF) for future shipments;

>    d.     Otherwise improperly soliciting PLAINTIFF's Customers to cease doing business with PLAINTIFF.

49.     PLAINTIFF has and will continue to suffer substantial damages as a result of ARIANA NJ's wrongful interference with PLAINTIFF's contracts and business relationships in an amount exceeding $75,000, the actual amount of damages to be determined at trial.

WHEREFORE, PLAINITFF demands judgment and relief as follows:

A.     An order requiring ARIANA NJ to release all Customer vehicles in its possession to PLAINTIFF or its authorized representatives;

B.     An award of damages in excess of $75,000, subject to proof, along with interest pursuant to applicable law;

C.     An award of the costs of this action; and

D.      Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal

Rules of Civil Procedure.

DATE: October 19, 2020

                                                Respectfully submitted,


                                                COZEN O'CONNOR, P.C.
                                                A Pennsylvania Professional Corporation

                                By:     /s/   Christopher Raleigh
                                                Christopher Raleigh, Esq.
                                                William Lesser, Esq.
                                                45 Broadway, Suite 1600
                                                New York, NY 1006
                                                Tel. No. (212) 509-9400
                                                Attorneys for Plaintiff

Of Counsel:

David K. Monroe, Esq.
GKG LAW, P.C.
1055 Thomas Jefferson Street, NW
Washington, DC  20007
Telephone: 202/342-5235
Facsimile:  202/342-5219
Email: dmonroe@gkglaw.com




## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

I certify that the matter in controversy is not the subject of any other action pending in

any court, or of any pending arbitration or administrative proceeding.

October 19, 2020

                                                  /s/ Christopher Raleigh

Christopher Raleigh

LEGAL\49018760\1